# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LASANDRA REED,

      Plaintiff,

vs.

DELTA AIR LINES, INC.

      Defendant.

Case No. 26-        -NO
Hon.

---

SAMANTHA E. SCHANTA (P73952)
DANIEL V. PADILLA (P48634)
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
sschanta@padillalegal.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in the complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

*/s/ Samantha E. Schanta*
**SAMANTHA E. SCHANTA P73952**

**NOW COMES** Plaintiff, LASANDRA REED (hereinafter "Plaintiff"), by and through his attorneys, Padilla Law Group, and for her Complaint against the above-named Defendant, DELTA AIR LINES, INC., (hereinafter "Defendant"), states as follows:

1

1.      Plaintiff, LASANDRA REED, is a resident of the City of Canton, County of Wayne, State of Michigan.

2.      Defendant, DELTA AIR LINES, INC., is a corporation and doing business in the County of Wayne, State of Michigan. The registered agent is: CSC-Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911.

3.      This cause of action arose and jurisdiction exists in this court by reason of a personal injury incident suffered by Plaintiff on or about May 14, 2023, while Plaintiff was on Defendant's flight 1646 in the City of Romulus and/or Detroit, County of Wayne, State of Michigan.

4.      Damages in this matter exceed TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS exclusive of costs, interest, and attorney fees.

## COUNT I – NEGLIGENCE

5.      Plaintiff herein reincorporates and re-alleges paragraphs 1 through 4 of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

6.      Defendant, DELTA AIR LINES, INC., was the owner, operator and/or landlord and exercised dominion and control of the entire premises in the City of Detroit, County of Wayne, State of Michigan and particularly the flight 1646 that was the cause Plaintiff's injuries.

7.      On May 14, 2023, Plaintiff, LASANDRA REED, was an invitee on Defendant's premises and was on flight 1646 when suddenly and without warning tripped and fell while exiting Defendant's plane causing serious injuries to Plaintiff, as more fully set forth below.

8.　　At all times relevant, Defendant owed Plaintiff a duty of due care to take reasonable precautions for her safety, and to refrain from creating hazards which would pose an unreasonable risk of harm to her physical safety and well-being.

9.　　Plaintiff's injuries were proximately caused by the active negligence of Defendant including, but not limited to the following, among other particulars:

　　a.　　failing to maintain its premises in a reasonably safe condition, inspecting for and remedying dangerous and hazardous conditions of which it knew or should have known in the exercise of reasonable and ordinary care;

　　b.　　failing to keep areas clear of hazards;

　　c.　　failing to warn Plaintiff or other persons in the area of dangerous and defective conditions;

　　e.　　failing to take reasonable precautions to eliminate dangers and defective conditions;

　　f.　　failing to install proper safety railings in accordance with Michigan law;

　　g.　　Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.

　　h.　　Failing to provide notice or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;

　　i.　　Failing to inspect and maintain the Premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;

　　j.　　Failing to warn the Plaintiff of the dangerous condition that existed upon the Premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;

　　k.　　Failing to hire and employ personnel or staff that would properly maintain the Premises and not allow a dangerous and hazardous condition;

　　l.　　Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

3

10. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained severe injuries and damages including, but not limited to, the following:

    a. injuries to her left leg and knee including but not limited to numbness and tingling in her extremities;

    b. Severe pain and suffering, emotional damages, embarrassment, humiliation, fear, disability, inability to ambulate, loss of social pleasures and the enjoyment of life;

    c. The need to undergo painful and intrusive tests and procedures;

    d. Lengthy therapy and confinement, together with prolonged pain and suffering; and

    e. Extensive medical expenses.

11. Defendant's intensified and exacerbated the emotional damages Plaintiff sustained from her ordeal when, subsequent to the accident, Defendants were notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

**WHEREFORE,** Plaintiff requests this Court enter judgment in his favor and against Defendant in whatever amount in excess of $25,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## COUNT II – PREMISES LIABILITY

12. Plaintiff herein incorporates and re-alleges paragraphs 1 through 11 of this Complaint with the same force and effect as if the same were set forth in full.

13. Defendant owned, operated, and were in control of the premises located at 2500 World Gateway Place, Detroit, MI 48242 and exercised control over both the exterior and interior areas of the property.

4

14.     On May 14, 2023, Plaintiff, LASANDRA REED, was an invitee on Defendant's premises and was on flight 1646 when suddenly and without warning tripped and fell while exiting Defendant's plane causing serious injuries to Plaintiff, as more fully set forth below.

15     Defendants failed to maintain its premises in a reasonably safe condition, and to inspect for hazards that would pose a threat of harm to others on the premises.

16.     Defendant knew or should have known in the exercise of reasonable care that failure to maintain its premises and inspect the area knowing it created a hazardous condition, constituting a hazard to Plaintiff and other invitees on Defendant's premises.

17.     Defendant owed the following duties to Plaintiff, by way of example and not limitation:

  a. failing to maintain its premises in a reasonably safe condition, inspecting for and remedying dangerous and hazardous conditions of which it knew or should have known in the exercise of reasonable and ordinary care;

  b. failing to keep areas free from other hazards;

  c. failing to warn Plaintiff or other persons in the area of dangerous and defective conditions;

  e. failing to take reasonable precautions to eliminate dangers and defective conditions;

  f. failing to install proper safety railings in accordance with Michigan law;

  g. Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.

  h. Failing to provide notice or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;

  i. Failing to inspect and maintain the Premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;

j.   Failing to warn the Plaintiff of the dangerous condition that existed upon the Premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;

k.   Failing to hire and employ personnel or staff that would properly maintain the Premises and not allow a dangerous and hazardous condition

l.   Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

18.   Defendant and its employees and agents, by negligent acts and/or omissions did breach each and every one of the aforementioned duties and proximately caused the injuries to Plaintiff as set forth below.

**WHEREFORE,** Plaintiff requests this Court enter judgment in his favor and against Defendant in whatever amount in excess of $25,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## DAMAGES TO PLAINTIFF

As a direct and proximate result of the negligent acts of Defendant, Plaintiff was severely injured and, more specifically, suffered injuries to her left leg and knee, and by reason of these injuries, Plaintiff has become and will continue to be disabled, and during this time she has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending her regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasures of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical and physical therapy expenses; Plaintiff's damages exceed $25,000.00.

6

## **RELIEF REQUESTED**

a.      Judgment in an amount in excess of $25,000.00;

b.      Interest; and

c.      Costs and attorney fees so wrongfully incurred.

                Respectfully submitted,

                PADILLA LAW GROUP

                */s/ Samantha E. Schanta*
                SAMANTHA E. SCHANTA P73952
                Attorneys for Plaintiff
                1821W. Maple Road
                Birmingham, MI 48009
                (248) 593-0300/ Fax (248) 593-0301

Dated: May 1, 2026